**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FAITH RODRIGUEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>          Defendant. | Civil Action No. 18-15357 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Faith Rodriguez's ("Plaintiff") appeal from the final decision of the Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), denying her request for benefits. (Compl., ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court affirms the decision of the Administrative Law Judge ("ALJ").

**I.    BACKGROUND**

    **A.    Procedural History[1]**

On February 12, 2015, Plaintiff filed an application for Supplemental Security Income, alleging an onset date of October 1, 2014. (AR 66-67.) Plaintiff's application was denied initially

---

[1] The Administrative Record ("AR") is located at ECF Nos. 7-1 through 7-8. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

and upon reconsideration. (*Id.* at 66-76, 77–99.) The ALJ conducted an administrative hearing on September 6, 2017, following which the ALJ issued a decision finding that Plaintiff was not disabled. (*Id.* at 132–160, 10–22.) On August 30, 2018, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6.) On October 26, 2018, Plaintiff filed an appeal to the United States District Court for the District of New Jersey. (*See generally* Compl.) On February 5, 2019, the Court issued a Notice of Call for Dismissal (ECF No. 3), following which Plaintiff e-filed proof of service (ECF No. 4). Defendant filed the AR on May 20, 2019. (ECF No. 7.) Plaintiff subsequently requested extensions of time to file her moving brief (ECF Nos. 12, 14, 16, 18), which the Court granted (ECF Nos. 13, 15, 17, 19). Plaintiff filed her moving brief on April 29, 2020 (Pl.'s Moving Br., ECF No. 20), and the Commissioner filed opposition on June 15, 2020 (Def.'s Opp'n Br., ECF No. 21).

### B.    The ALJ's Decision

On November 20, 2017, the ALJ rendered a decision. (AR 10–22.) The ALJ set forth the Social Security Administration's five-step sequential process for determining whether an individual is disabled. (*Id.* at 13-15.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since her alleged onset date of February 12, 2015. (*Id.* at 15.) At step two, the ALJ found that Plaintiff had the severe impairment of "orthopedic disorders and asthma." (*Id.* at 15.) The ALJ also found that Plaintiff had the non-severe impairments of diabetes, headaches, hypertension, hyperlipidemia, sinus pain and pressure, cardiac problems, fibromyalgia, and depression. (*Id.* at 15-17.) At step three, the ALJ determined that none of Plaintiff's impairments, or combination of impairments, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 17-18.)

The ALJ then found that Plaintiff possessed the residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b) except must avoid concentrated exposure to fumes, odors, dusts, gases, dangerous machinery and unprotected heights; limited to unskilled work, off task up to 10% of the workday and will be absent from work up to one day a month.

(*Id.* at 18.) At step four, the ALJ found Plaintiff "unable to perform any past relevant work." (*Id.* at 21.) At step five, the ALJ found that "considering the [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*) The ALJ, consequently, found that Plaintiff was not under a disability from the alleged onset date of February 12, 2015, through the date of the decision. (*Id.* at 22.)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 1383(c)(3); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000); *Daring v. Heckler*, 727 F.2d 64, 68 (3d Cir. 1984). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg*

3

*v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (internal citation omitted).

### B. Establishing Disability

In order to be eligible for benefits, a claimant must be unable to "engage in any [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. § 1614(a)(3)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 1614(a)(3)(B). A physical or mental impairment is one "that results from

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1614(a)(3)(D).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). For the first step, the claimant must establish that she has not engaged in any SGA since the onset of her alleged disability. 20 C.F.R. § 416.920(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." 20 C.F.R. § 416.920(a)(4)(ii). The claimant bears the burden of establishing the first two requirements, and failure to satisfy either automatically results in a denial of benefits. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the first two steps are satisfied, the third step requires the claimant to provide evidence that her impairment is equal to one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. §§ 416.920(d), .925, .926. If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and is automatically entitled to disability benefits. *Id.* If she cannot so demonstrate, the eligibility analysis proceeds to step four. *Id.* The ALJ must then determine the claimant's RFC before moving on to the fourth step. 20 C.F.R. § 416.920(e). The ALJ's RFC determination is based on her ability to do physical and mental work activities on a continued basis despite any limitations from her impairments. *Id.* The RFC must consider all the claimant's impairments including those that are not designated severe. *Id.*; 20 C.F.R. § 416.945; SSR 96-8p.

The fourth step of the analysis requires the ALJ to determine whether the claimant's RFC permits her to resume her previous employment. 20 C.F.R. § 416.920(f). If the claimant can perform her previous line of work, then she is not "disabled" and not entitled to disability benefits. *Id.* The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of*

*Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). If the claimant is unable to return to her previous work, the analysis proceeds to step five. *See* 20 C.F.R. § 416.920(g). At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that exists in significant numbers in the national economy that the claimant can perform consistent with her RFC, age, education, and past work experience. 20 C.F.R. §§ 416.920(g), .912(b)(3), .960(c); *Malloy*, 306 F. App'x at 763. If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. 20 C.F.R. § 416.920(g).

## III. DISCUSSION

Based on its review of the ALJ's decision and considering the specific record in the present case, the Court finds good cause to affirm the ALJ's decision. In reaching a decision, an ALJ must evaluate the evidence and explain why evidence has been rejected. *Cotter*, 642 F.2d at 704–05. Nevertheless, it is not necessary for the ALJ to "undertake an exhaustive discussion of all the evidence" where the court can determine "that there is substantial evidence supporting the Commissioner's decision[.]" *Hernandez v. Comm'r of Soc. Sec.*, 89 F. App'x 771, 773–74 (3d Cir. 2004). Here, the ALJ's findings were based on sufficient analysis for the Court to review said findings and determine that substantial evidence supports the ALJ's decision.

In her moving brief, Plaintiff argues that "substantial evidence exists in the administrative record to support a finding of disability" and accordingly requests that the Court remand for reconsideration. (Pl.'s Moving Br. 1.) Plaintiff argues that: (1) the ALJ's findings at steps two and three were "beyond judicial review and prejudice the [P]laintiff's claim at every subsequent step" of the analysis; and (2) the ALJ's RFC analysis does not adequately assess Plaintiff's pain and is not supported by substantial evidence. (*Id.* at 9, 28.) The Court will examine each, in turn.

### A. ALJ's Findings at Steps Two and Three

Plaintiff argues that finding a severe impairment requires only a *de minimis* showing on the part of the claimant and that the "ALJ failed to explain why a number of [P]laintiff's impairments do not affect the [P]laintiff's ability to perform work activities." (*Id.* at 11-13.) Specifically, Plaintiff argues that the ALJ did not provide sufficient analysis and weight to several impairments that he identified as non-severe, including Plaintiff's migraines, diabetes, obesity, depression, fibromyalgia, and orthopedic disorders. (*Id.* at 16-18, 26-28.)

Plaintiff is correct in arguing that an "ALJ's complete disregard of an impairment at step two ... can constitute grounds for a remand." *Pailin v. Covlin*, No. 10-4556, 2013 WL 5924972, at *3 (E.D. Pa. Nov. 5, 2013) (citing *Rupard v. Astrue*, 627 F. Supp. 2d 590, 596 (E.D. Pa. 2009)). To justify a remand, however, Plaintiff must go beyond generalized assertions and demonstrate specifically how a condition like obesity "would affect the [outcome of the] five-step analysis." *Rutherford*, 399 F.3d. at 553. Moreover, remand is unnecessary "when the administrative record indicates clearly that the ALJ relied on the voluminous medical evidence as a basis for his findings regarding [a claimant's] limitations and impairments." *Id.*

In the instant case, the ALJ sufficiently examined and analyzed the medical evidence of Plaintiff's impairments in making his findings at steps two and three. (AR 15-18.) At step two, the ALJ's decision credited Plaintiff as having the severe impairments of asthma and orthopedic disorders. (*Id.* at 15). The ALJ then noted that the medical record failed to demonstrate any "complications or ongoing, limiting physical symptoms related to" Plaintiff's "diabetes, headaches, hypertension, hyperlipidemia, [and] sinus pain and pressure." (*Id.*) The ALJ cited to the medical record that Plaintiff showed "some improvement" from medicine prescribed for a mild to moderate deviated septum. (*Id.*) In discussing the headaches, the ALJ noted that a brain MRI

7

was consistent with migraines but was otherwise unremarkable and a CT scan of Plaintiff's head showed no evidence of acute intracranial hemorrhage or midline shift. (*Id.* at 15-16.) The ALJ noted a lack of evidence for any hypoglycemic episodes or end organ damage, or symptoms of any cardiac problems beyond a slight abnormality on an electrocardiogram. (*Id.* at 16.) The ALJ also credited Plaintiff with the fibromyalgia diagnosis but noted a lack of medical treatment or evidence supporting any functional limitations caused by the condition, which are required for finding a severe impairment under SSR 12-2p. (*Id.*) The ALJ then adequately examined Plaintiff's depression under the four areas of mental functioning from 20 CFR Part 404, Subpart P, Appendix 1, referred to as "paragraph B" criteria. (*Id.* at 16-17.) In so doing, the ALJ cited a physician's assessment, the medical evidentiary record, and Plaintiff's own reported limitations and found that the impairment is non-severe. (*Id.* at 16-17.) At step three, the ALJ thoroughly considered the criteria for finding a severe impairment or its medical equivalent. (*Id.* 17-18.) The ALJ noted that the medical record of the orthopedic spinal issues failed to satisfy any of these criteria, and Plaintiff failed to point to any evidence that she had an impairment meeting or equivalent to any of the medical listings. (*Id.*)

The ALJ's decision did not discuss Plaintiff's obesity. To justify a remand, however, Plaintiff must show "*how* her obesity . . . affected her ability to perform basic work activities" rather than simply "that obesity [could] impair [her] ability to perform basic work activities." *Carter v. Comm'r Soc. Sec.*, 805 F. App'x 140, 143 (3d Cir. 2020) (emphasis in original). Here, Plaintiff failed to indicate how such a finding would impact her ability to perform basic work activities and how that finding would impact the analysis. In light of Plaintiff's failure to show a tangible impact on the analysis and the holding from *Rutherford* that "references to . . . weight in . . . medical records were likely sufficient to alert the ALJ to the impairment," 399 F.3d. at 553,

8

the Court concludes that the ALJ reasonably relied on the medical evidence of record, which included references to Plaintiff's obesity, as a basis for his findings regarding Plaintiff's impairments and limitations.[2]

## B. ALJ's RFC Analysis

Plaintiff cites *Cotter*'s requirement that an ALJ's decision be "comprehensive and analytic." (Pl.'s Moving Br. 28 (quoting *Cotter*, 642 F.2d at 705)). Plaintiff also notes that an ALJ "must give some indication of the evidence which he rejects and his reason for discounting such evidence" when making an RFC finding. (*Id.* at 19 (quoting *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000)).) Based on this black letter law, Plaintiff argues that the ALJ insufficiently analyzed how Plaintiff's RFC relates to the evidence. (*Id.* at 31-36.) It must be noted, however, that it is unnecessary for the ALJ to "undertake an exhaustive discussion of all the evidence [in determining the RFC] ... [a]nd where [the Court] can determine that there is substantial evidence supporting the Commissioner's decision . . . the *Cotter* doctrine is not implicated." *Hernandez*, 89 F. App'x at 774.

The Court finds that the ALJ provided sufficient analysis and justification for the RFC in this case. The ALJ began the analysis by giving the benefit of the doubt to many of Plaintiff's claims about her limitations and adjusting the RFC accordingly even though the medical evidentiary record did not necessarily support all of Plaintiff's claims. (AR 18.) In explaining the RFC finding, the ALJ examined Plaintiff's claims that her impairments render her unable to work for a full eight-hour day, finding that her impairments could cause the symptoms that she claimed, but also finding that the "intensity, persistence and limiting effects" of those symptoms were not

---

[2] In fact, Plaintiff did not list obesity as an impairment in the SSI application (AR 184), and generally did not argue for any functional impairments due to her obesity at the administrative hearing (AR 29-65).

9

consistent with the medical evidence in the record. (*Id.* at 19.) The ALJ then elaborated on the medical record, noting Plaintiff's reported back, neck, and knee pain, history of orthopedic surgeries, and record of respiratory impairment from asthma. (*Id.* at 19-20.) In his elaboration on the medical record, the ALJ provided a substantial analysis of the record surrounding Plaintiff's back surgeries and related pain. (*Id.* at 20.) In so doing, the ALJ noted that the most recent evidence did not support a finding of total disability, that Plaintiff's neurologic examination was normal, and that she had no noted limitations in her ability to ambulate or move. (*Id.*) The ALJ also discussed Plaintiff's testimony about her daily habits and functionality and related these findings to the RFC analysis. (*Id.*) The ALJ concluded by discussing how the "medical opinions, the objective medical evidence of record, … the claimant's testimony, and documented subjective reports" failed to demonstrate that Plaintiff is unable to perform work activity within the confines of the RFC. (*Id.*) The Court agrees with the ALJ that the evidentiary record failed to support Plaintiff's claims that her impairments and symptoms preclude her from work activity.

## IV. CONCLUSION

For the foregoing reasons, the Court affirms the decision of the ALJ. An Order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** May 31, 2021

10